ALFRED OSBORNE ET AL., PLAINTIFFS IN ERROR, v. W.
A. McALLISTER, DEFENDANT IN ERROR.

"Threshing Machine" defined. The words "threshing ma-
chine," as generally used and understood in this state, include
in their meaning the horse-power by means of which the sepa-
rator is propelled.

ERROR to the district court for Platte county. Tried
below before POST, J.

*Cornelius & Sullivan*, for plaintiffs in error, cited: *Hays
v. Wilcox*, 17 N. W. R., 110.

*S. S. McAllister*, for defendant in error, cited: *Smith v.
McLean*, 24 Iowa, 322. *Winter v. Landphere*, 42 Id., 471.
*Golden v. Cockril*, 1 Kan., 259. *Brown v. Holmes*, 13 Id.,
482. Jones Chattel Mortgages, §§ 53–61. Herman, §§
38–40. *Jordan v. Hamilton County Bank*, 11 Neb., 503.

COBB, CH. J.

It appears from the record in this case that on the twenty-
first day of December, 1880, one Phillip Wullschleger was
the owner of the chattels hereinafter mentioned, in Merrick
county, where he resided; and on that day for the consid-
eration of $100, as therein expressed, executed and deliv-
ered to the defendant in error a certain chattel mortgage,

wherein the said property was described in the following
words: "One Pitt's Chicago threshing machine number
two;" which chattel mortgage was duly filed in the clerk's
office on the fifth day of January, 1881; that thereafter, on
the twenty-fourth day of March, 1881, the said Wullschle-
ger, still being in possession of the said personal property,
and being indebted to one William Harris for work and
labor in the sum of $47, gave his promissory note therefor
and verbally agreed to give him a lien as security therefor
upon the Chicago Pitt's threshing machine power; and that
on the sixth day of December, 1881, the said Harris as-
signed said note given by Wullschleger to him as aforesaid
together with said verbal lien on the said horse-power to
the plaintiffs in error.

The debt of the said Wullschleger to the defendant in
error secured by the said chattel mortgage not having been
paid, and the said horse-power having come into the pos-
session of the plaintiffs in error, this action was commenced
in the court below by the defendant in error against the
plaintiffs in error for the value of said property.

Upon the trial the court, among others, gave the follow-
ing instructions:

"1. The mortgage under which plaintiff seeks to re-
cover does not in terms include the said horse-power, but
such fact is not sufficient of itself to defeat plaintiff's right
of recovery."

"2. If you should find that at the time said mortgage
was executed it was the understanding and agreement be-
tween plaintiff and said Wullschleger that said mortgage
should include said "horse power," and in fact that said
power was included in said mortgage under the description
of "one Chicago Pitt's threshing machine," and if said
mortgage was executed in good faith with no intent on the
part of the plaintiff to defraud the creditors of said Wull-
schleger, the plaintiff should recover unless it appears that
at the time defendants acquired their lien upon said horse-

power they had neither knowledge nor information sufficient to put them upon inquiry as to plaintiff's rights."

"3.    But if you find that, at the time defendants acquired a lien upon said horse-power from the witness Harris, neither the said witness nor defendant had any knowledge of plaintiff's mortgage or information sufficient to put them as reasonably prudent and intelligent men upon inquiry as to the rights of plaintiff, in such case plaintiff's mortgage would be no protection, and your verdict should be for the defendants, but upon this point the burden of proof is upon the defendants, who must show such facts by a preponderance of evidence."

"4.    If, at the time Wullschleger conveyed said "horse-power" to one McCrea and said McCrea sold the same to defendants, said defendants had knowledge that the plaintiff claimed said horse-power under his mortgage, defendants can claim nothing through said purchase from McCrea as against the plaintiff's rights under said mortgage."

"5.    You are instructed that the law requires every chattel mortgage to be filed in the office of the county clerk where the mortgagor resides, and indexed in a book provided for that purpose, and when so filed and indexed in accordance with law such filing and indexing would be notice to the world of the contents of such mortgage, and it would not be necessary, in order to protect the mortgagee against the claims of subsequent purchasers or creditors of the mortgagor, to file said mortgage in any other county to which the mortgaged property might be removed."

"6.    If you find from the evidence that the property in dispute in this action was a part of the threshing machine mortgaged by Wullschleger to the plaintiff McAllister, then you will find for plaintiff."

"7.    If you find from the evidence that the property in controversy in this case was intended to be included in the mortgage under which plaintiff McAllister claims title, by the mortgagor Wullschleger and McAllister, the plaintiff,

and the mortgage so refers to the property in controversy as to put a reasonable, prudent, and diligent man upon inquiry and investigation, then you should find for the plaintiff."

The giving of which instructions are assigned for error by the plaintiffs in error.

The jury brought in a verdict in favor of the defendant in error for the sum of $25. There was a motion for a new trial, which was overruled and judgment entered on the verdict. Defendants bring the cause to this court on error.

In addition to the instructions as above stated, plaintiffs in error assigned for error the admission in evidence by the court of the copy of the chattel mortgage from Wullschleger to McAllister above referred to. The principal question involved in the case is, whether the words "One Pitt's Chicago threshing machine number 2" include in their meaning the horse-power by which the separator is propelled or not? We cannot entirely approve of the law as laid down by the court in its charge to the jury. In the charge throughout, the court seemed to lay great stress upon what might have been the understanding between the defendant in error and Wullschleger, and he must have meant an understanding fuller than that expressed in the chattel mortgage itself. The chattel mortgage was constructive notice only of what it expressed and not of any understanding between the parties thereto not expressed by its words. I think it was the duty of the court to have told the jury whether the horse-power was included in the words of the chattel mortgage or not; and not have left it to them to find as they might construe the meaning thereof. It was a question of law for the court and not a question for the jury. But I think this was error without prejudice, because I think that the horse-power is included in the general words "threshing machine" as used and understood generally in this state; and that therefore the filing of the

chattel mortgage was notice to the plaintiffs in error of the lien upon said property, including the horse-power, in favor of McAllister, the defendant in error. It is not necessary to further comment upon the other errors assigned, as the only ground of alleged error in the admission of a copy of the chattel mortgage in evidence is, that it did not contain a description of the property in controversy.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.